UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVANNE CORTES-GOOLCHARRAN,<br><br>                    Plaintiff,<br><br>             v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., and FAY SERVICING, LLC,<br><br>                    Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. Plaintiff Shivanne Cortes-Goolcharran ("Ms. Cortes-Goolcharran" or "Plaintiff") seeks redress for the harm caused to her when defendants Rosicki, Rosicki & Associates, P.C. ("Rosicki"), and Fay Servicing, LLC ("Fay") (collectively, "Defendants") threatened to sue her in foreclosure on a purported mortgage debt that is time-barred.

2. The mortgage debt is time-barred because the lender called the entire debt due and payable in May 2008, by way of a complaint in a foreclosure action that was discontinued in 2013. The six-year statute of limitations applicable in New York to an action on a mortgage expired in May 2014.

3. By virtue of their threats to commence a foreclosure action against Ms. Cortes-Goolcharran if she does not pay wholly time-barred debt, Rosicki and Fay have used false and misleading representations in connection with the collection of a debt; have misrepresented the character, amount, or legal status of the asserted debt; and have threatened to take an action that cannot legally be taken or that was not intended to be taken, all in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION

4. This Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) in that a significant portion of the events giving rise to the claim occurred in the Eastern District of New York.

## PARTIES

6. Plaintiff Shivanne Cortes-Goolcharran is a 52-year-old homeowner who lives with her adult son and daughter in her single-family home located at 101-43 133rd Street in South Richmond Hill, Queens County, New York. At all relevant times she has been a citizen of New York and a resident of this District. Ms. Cortes-Goolcharran is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), in that the debt Defendants have sought to collect from her is a consumer debt.

7. Defendant Rosicki is a law firm with offices at 51 East Bethpage Road in Plainview, New York. On information and belief, Rosicki's primary business is the prosecution of foreclosure actions in New York. Rosicki is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Rosicki appeared as counsel for the plaintiff in a foreclosure action in Queens County Supreme Court against Ms. Cortes-Goolcharran, captioned *HSBC Mortgage Corporation (USA) v. Cortes-Goolcharran*, Index No. 12760/2008. That action was discontinued by order filed on or about May 1, 2013, upon Rosicki's motion.

9. Defendant Fay is a limited liability company headquartered, on information and belief, at 901 South 2nd Street, Suite 201 in Springfield, Illinois. On information and belief, Fay's primary business is the servicing of mortgage loans. Fay is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. On information and belief, Fay became the servicer of Ms. Cortes-Goolcharran's loan account on or about October 1, 2016.

## STATEMENT OF FACTS

11. On or about July 11, 2007, Ms. Cortes-Goolcharran purchased the home at 101-43 133rd Street in South Richmond Hill, New York. The purchase was financed by a loan from HSBC Mortgage Corporation ("HSBC"), memorialized by a note signed by Ms. Cortes-Goolcharran (the "subject note"). The loan was secured by a mortgage dated July 11, 2007 (the "subject mortgage"), signed by Ms. Cortes-Goolcharran to the benefit of Mortgage Electronic Registration Systems, Inc. as nominee for HSBC ("MERS as Nominee"). On information and belief, the subject mortgage was recorded in the Office of the City Register on or about August 16, 2007.

12. On information and belief, on or about May 21, 2008, MERS as Nominee assigned its interest in the subject mortgage to HSBC by way of an Assignment of Mortgage that was recorded in the Office of the City Register on or about June 5, 2008.

13. On or about May 21, 2008, HSBC commenced a foreclosure action against Ms. Cortes-Goolcharran by filing a summons and complaint in the Supreme Court of New York, Queens County. The index number assigned to the foreclosure action was 12760/2008.

14. In its complaint, HSBC expressly declared its election to accelerate and call due the full amount owed under the subject note and subject mortgage. In accelerating the mortgage,

3

HSBC caused the six-year limitations period on the entire mortgage debt to begin running.

15. A judgment of foreclosure and sale was entered on or about June 19, 2009.

16. On or about March 13, 2013, HSBC moved in Queens County Supreme Court to vacate the judgment, cancel the notice of pendency, discharge the referee, and discontinue the action "for administrative reasons." The court granted the motion by short-form order signed on or about April 24, 2013, and filed on or about May 1, 2013.

17. On information and belief, no act purporting to revoke the acceleration of the subject mortgage has occurred.

18. After the foreclosure action was terminated, Ms. Cortes-Goolcharran continued to receive monthly mortgage statements stating that her loan has been referred for foreclosure, or that her loan has been accelerated, or both. However, no new foreclosure action was commenced.

19. On information and belief, Fay became the servicer of the subject note and subject mortgage on or about October 1, 2016. On information and belief, Fay services the loan on behalf of the current purported owner of the loan, PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association as Legal Title Trustee.

20. On or about November 29, 2016, Ms. Cortes-Goolcharran commenced a quiet-title action in Queens County Supreme Court against HSBC; HSBC Bank USA, N.A.; Federal National Mortgage Association; and PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association as Legal Title Trustee, seeking an order cancelling and discharging the mortgage as time-barred pursuant to New York Real Property Actions and Proceedings Law Section 1501(4), which contemplates cancellation and discharge of a mortgage when a foreclosure action on such

mortgage is time-barred. Issue in the action, captioned *Cortes-Goolcharran v. HSBC Mortgage Corporation (USA) et al.*, Index No. 13649/2016, has been joined.

21. In or around April 2017, nearly nine years after HSBC accelerated the subject mortgage by filing a foreclosure complaint against Ms. Cortes-Goolcharran, Rosicki sent a letter to Ms. Cortes-Goolcharran by both regular and certified mail. The letter, dated April 14, 2017, and entitled "Notice of Default," states *inter alia* that "the total amount of the Debt is $620,723.96," an amount purportedly comprising "the remaining principal balance as of 07/01/2011," unpaid accrued interest, escrow credits, late charges, and property inspection fees. This letter identifies HSBC as the "originating creditor of your loan," and identifies Fay as the "Servicer."

22. Near the top of the April 14, 2017 letter, just below Rosicki's letterhead, are printed the words "WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT."

23. The April 14, 2017 letter further states that as of that date, $229,220.38 was in arrears and that payment of that amount is due on or before May 15, 2017. It then warns:

> Failure to correct the default by May 15, 2011 [*sic*] may result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and **a lawsuit to foreclose the mortgage may be commenced**.

(Emphasis added.) The letter urges Ms. Cortes-Goolcharran to "call Fay Servicing, immediately to discuss possible alternatives to foreclosure" in the event that she is unable to pay the $229,220.38 purportedly required to bring the account current. A true and correct copy of the April 14, 2017 letter, redacted to protect sensitive information, is appended hereto as **Exhibit A**.

24. Also in or around April 2017, Ms. Cortes-Goolcharran received an unsigned notice by both regular and certified mail dated April 15, 2017. On information and belief, this notice

5

purports to be a pre-foreclosure notice, commonly known as a "90-day notice," required under New York Real Property Actions and Proceeding Law Section 1304 to be sent to a mortgagor in default at least ninety days before a foreclosure is commenced.

25. Printed at the bottom of the first page of the purported 90-day notice are the words "Fay Servicing" and a loan number. Printed prominently near the top of the letter in all capital letters are the words "YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY." The notice continues:

> As of April 15, 2017, your home loan is 2,116 days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of $229,220.38 by May 1, 2017. . . . If this matter is not resolved within 90 days from the date this notice was mailed, **we may commence legal action against you** (or sooner if you cease to live in the dwelling as your primary residence.)

(Emphasis added.) A true and correct copy of the purported 90-day notice, redacted to protect sensitive information, is appended hereto as **Exhibit B**.

26. The 90-day notice from Fay represents that the date of default was July 1, 2011: July 1, 2011, is the date 2,116 days before April 15, 2017. The letter from Rosicki similarly represents that the current debt includes "the remaining principal balance as of 07/01/2011." However, the default long predates July 1, 2011; the default that gave rise to the foreclosure action filed in May 2008 was never cured.

27. In incorrectly representing the date of default as July 1, 2011, Rosicki and Fay, on information and belief, attempted to exclude from their demands certain amounts that may have accrued more than six years ago, in an apparent effort to avoid demanding payment of time-barred amounts. But the acceleration of the mortgage by way of the commencement of the foreclosure action in May 2008 started the limitations period running as to the entire mortgage debt—not just periodic payments more than six years overdue. The entire mortgage debt became

time-barred in May 2014, six years after acceleration. Defendants, accordingly, have made false and misleading representations in their threats to bring a lawsuit against Ms. Cortes-Goolcharran based on wholly time-barred debt.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff realleges and incorporates all the foregoing facts and allegations as if fully set forth herein.

29. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, in 1977, "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ." 15 U.S.C. § 1692(e).

30. Defendant Rosicki is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6), because:

   a) it is a person who regularly uses instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and

   b) It acquired Plaintiff's account when the account was already in default.

31. Defendant Fay is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6), because:

   a) it is a person who regularly uses instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and

   b) It acquired Plaintiff's account when the account was already in default.

32. Collection letters such as those sent by Defendants are to be evaluated under the objective standard of the hypothetical "unsophisticated consumer."

33. Defendants Rosicki and Fay violated the following provisions of the FDCPA:

   a) 15 U.S.C. § 1692e, by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff;

   b) 15 U.S.C. § 1692e(2), by misrepresenting the character, amount, or legal status of the asserted debt; and

   c) 15 U.S.C. § 1692e(5), by threatening to take an action that cannot legally be taken or that is not intended to be taken.

34. As a result of Defendants Rosicki's and Fay's threats to sue to take her home, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

35. Defendants Rosicki and Fay are therefore liable to Plaintiff for actual and statutory damages pursuant to 15 U.S.C. § 1692k, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Shivanne Cortes-Goolcharran respectfully requests that this Court:

1. Award actual damages in an amount to be determined at trial;

2. Award statutory damages as set forth above;

3. Award reasonable attorney's fees, costs and disbursements; and

4. Award such other and further relief as this Court deems just and proper.

DATED: Jamaica, New York
July 5, 2017

/s/ Sara Manaugh
Sara Manaugh, Esq.
Queens Legal Services
89-00 Sutphin Blvd., 5th Floor
Jamaica, New York 11435
347-592-2200
smanaugh@lsnyc.org
*Attorneys for Plaintiff*
*Shivanne Cortes-Goolcharran*

8

# EXHIBIT A

# ROSICKI, ROSICKI & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
**Office: Plainview Office 51 East Bethpage Road**
**Plainview, NY 11803**
Telephone 516.741.2585
Facsimile 516.622.9434

WE ARE A DEBT COLLECTOR AND ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

91 7199 9991 7037 5036 1420

NOTICE OF DEFAULT

<u>via first class mail and</u>
<u>via certified mail</u>
(return receipt requested)

April 14, 2017

SHIVANNE CORTES-GOOLCHARRAN
101-43 133RD STREET
RICHMOND HILL, NY 11419

Re:   Loan #: ███████
      Property Address: 101-43 133RD STREET, RICHMOND HILL, NY 11419
      Case Number: 11-020962-2

AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA: Esta notificacion es de suma importancia. Puede afectar su derecho a continuar viviendo en su casa. Si no entiende el contenido, obtenga una traduccion inmediatamente.

Dear Borrower(s):

**You are hereby notified that this letter is an attempt to collect a debt. All information obtained will be used for that purpose.** This firm has been designated by Fay Servicing, the Servicer and PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee, the Creditor of the above-referenced loan (hereinafter referred to as "the Debt") to contact you regarding the status of your account. The Creditor (also called the Holder and Beneficiary) has authorized the Servicer and this firm to act on its behalf regarding the collection of the Debt. This firm is relying on information provided by such entities. **Further notification pursuant to the Fair Debt Collection Practices Act is provided on the next page.**

The originating creditor of your loan is HSBC MORTGAGE CORPORATION (USA). Should you have any questions for our firm, Rosicki, Rosicki, & Associates, P.C., please contact Kara Becker at 516.741.2585.

1

SHIVANNE CORTES-GOOLCHARRAN
Loan # ███████

As of April 14, 2017, the following sums are in arrears:

| | |
|---|---|
| Principal and interest | $228,987.21 |
| Property Inspection | $62.50 |
| Late Charges | $170.67 |
| Total Arrears | $229,220.38 |

On or before May 15, 2017, you must submit payment by bank wire transfer, bank check, money order, or certified funds of the total arrears to: Fay Servicing, 939 West North Avenue, Suite 680, Chicago, IL 60642-1231. Any payment(s) and late charge(s), that comes due in the interim must also be included. Your first regular monthly payment will be due May 1, 2017.

Failure to correct the default by May 15, 2011, may result in acceleration of your loan. Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced. In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage. If your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure where possible. Creditor or another person may acquire the Property by means of foreclosure and sale. You have the right to assert in court the non-existence of a default, that you kept your promises and agreements under the mortgage and note or any other defense. After acceleration of the debt, but prior to the foreclosure sale, you may have the right to reinstate the mortgage loan, by payment of all sums due as if immediate payment in full had not been required and to have the lawsuit discontinued, depending on the terms of the note and mortgage. We encourage you to review the provisions of the note and mortgage.

If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. However, even if a discharge has been obtained, proceedings to foreclose the loan may still be brought.

**If at any time, you make a request to this law firm not to be contacted by phone, we will not do so, except by legal action. NO PERSON IN THIS LAW OFFICE WILL GIVE YOU ANY LEGAL ADVICE.**

**PLEASE BE AWARE:**

(1) that debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to:
    (i) the use or threat of violence;
    (ii) the use of obscene or profane language; and
    (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

(2) If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;

2

SHIVANNE CORTES-GOOLCHARRAN
Loan #: ███████

5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

## NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT

1.      The total amount of the Debt is $620,723.96. This includes $399,809.21, the remaining principal balance as of 07/01/2011; plus unpaid accrued interest of $170,263.81, escrow/impound shortages or credits of $50,417.77, late charges of $170.67, and property inspection charges of $62.50. The amount of the debt will continue to increase due to interest, fees, and other charges. Prior to submitting payment, you may wish to call Fay Servicing to verify the exact amount.

2.      Name of the creditor to whom the Debt is owed:  PROF-2014-S2 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee

3.      Unless you dispute the validity of the Debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the Debt is valid.

4.      If you notify us in writing within thirty (30) days after receipt of this Notice that the Debt or any portion thereof is disputed, we will obtain verification of the Debt or a copy of any judgment against you representing the Debt and a copy of such verification or judgment will be mailed to you from our office.

5.      Upon request in writing within thirty (30) days after receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

**In the event that there is a manufactured house on the subject premises, should you be unable to bring your account current within thirty (30) days, it is hereby demanded that you turn same over to the Creditor.**

**Failure to bring the loan current or turn over the above referenced manufactured home within thirty (30) days will be deemed a refusal to comply with the terms of this demand.**

**All communication about this matter must be made through Fay Servicing, except those specified in this letter.**

All payments must be made in **certified funds, cashier's check or money order(s)** payable to and mailed to Fay Servicing, 939 West North Avenue, Suite 680, Chicago, IL 60642-1231, phone number is 800-495-7166.

3

SHIVANNE CORTES-GOOLCHARRAN
Loan #:

If you are unable to bring your account current, you are urged to call Fay Servicing, immediately to discuss possible alternatives to foreclosure.

Very truly yours,

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**

By: Uwayne A. Mitchell, Esq.

PAYMENT REMITTANCE INFORMATION
ALWAYS INCLUDE LOAN #███████ WITH YOUR PAYMENT

4

SHIVANNE CORTES-GOOLCHARRAN
Loan #: ███████

# EXHIBIT B

April 15, 2017
Borrower Name: SHIVANNE CORTES-GOOLCHARRAN
Premises: 101-43 133RD STREET, RICHMOND HILL, NY 11419

## YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY

As of April 15, 2017, your home loan is 2,116 days in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home. You can cure this default by making the payment of $229,220.38 by May 1, 2017.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home. Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling. You should consider contacting one of these agencies immediately. These agencies specialize in helping homeowners who are facing financial difficulty. Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance. If you wish, you may also contact us directly at 800-495-7166 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution. The longer you wait, the fewer options you may have.

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services toll-free helpline at 1-800-342-3736 or visit the Department's website at www.dfs.ny.gov.

Fay Servicing
Loan No. ▮▮▮▮▮▮▮▮

| | | |
|---|---|---|
| MARGERT COMMUNITY CORPORATION | Phone: 718-471-3724<br>Fax: 718-471-5342<br>E-mail: jgb@nyct.net<br>Website: www.margert.org<br>Agency ID: 80445 | 325 Beach 37th Street<br>FAR ROCKAWAY, New York 11691-1510 |
| ROCKAWAY DEVELOPMENT AND REVITALIZATION CORPORATION | Phone: 718-327-5300-227<br>Fax: 718-327-4990<br>E-mail: Kalexander@rdrc.org<br>Website: www.rdrc.org<br>Agency ID: 81091 | 1920 Mott Ave<br>Suite 2<br>FAR ROCKAWAY, New York 11691-4106 |
| ASIAN AMERICANS FOR EQUALITY | Phone: 718-961-0888<br>Fax: 718-961-0988<br>E-mail: Flora@aafecdf.org<br>Website: www.aafe.org<br>Agency ID: 83909 | 133-04 39th Avenue<br>FLUSHING, New York 11354-4433 |
| MINKWON CENTER FOR COMMUNITY ACTION | Phone: 718-460-5600<br>E-mail: lina.lee@minkwon.org<br>Website: www.minkwon.org<br>Agency ID: 90064 | 136-19 41st Avenue, 3rd Floor<br>FLUSHING, New York 11355-2469 |
| CHHAYA COMMUNITY DEVELOPMENT CORPORATION | Phone: 718-478-3848<br>Fax: 718-651-1004<br>E-mail: maha@chhayacdc.org<br>Website: www.chhayacdc.org<br>Agency ID: 84629 | 37-43 77th Street, 2nd Floor<br>JACKSON HEIGHTS, New York 11372-6629 |
| NEIGHBORHOOD HOUSING SERVICES OF JAMAICA | Phone: 718-291-7400<br>E-mail: N/A<br>Website: www.nhsj.org<br>Agency ID: 83400 | 8970 162nd St<br>Jamaica, New York 11432-5072 |
| GREENPATH DEBT SOLUTIONS | Phone: 888-860-4167<br>E-mail: N/A<br>Website: www.greenpath.com<br>Agency ID: 83233 | 8002 Kew Gardens Rd<br>Suite 710<br>Kew Gardens, New York 11415-3600 |

| | | |
|---|---|---|
| MARGERT COMMUNITY CORPORATION | Phone: 718-471-3724<br>Fax: 718-471-5342<br>E-mail: jgb@nyct.net<br>Website: www.margert.org<br>Agency ID: 80445 | 325 Beach 37th Street<br>FAR ROCKAWAY, New York 11691-1510 |
| ROCKAWAY DEVELOPMENT AND REVITALIZATION CORPORATION | Phone: 718-327-5300-227<br>Fax: 718-327-4990<br>E-mail: Kalexander@rdrc.org<br>Website: www.rdrc.org<br>Agency ID: 81091 | 1920 Mott Ave<br>Suite 2<br>FAR ROCKAWAY, New York 11691-4106 |
| ASIAN AMERICANS FOR EQUALITY | Phone: 718-961-0888<br>Fax: 718-961-0988<br>E-mail: Flora@aafecdf.org<br>Website: www.aafe.org<br>Agency ID: 83909 | 133-04 39th Avenue<br>FLUSHING, New York 11354-4433 |
| MINKWON CENTER FOR COMMUNITY ACTION | Phone: 718-460-5600<br>E-mail: lina.lee@minkwon.org<br>Website: www.minkwon.org<br>Agency ID: 90064 | 136-19 41st Avenue, 3rd Floor<br>FLUSHING, New York 11355-2469 |
| CHHAYA COMMUNITY DEVELOPMENT CORPORATION | Phone: 718-478-3848<br>Fax: 718-651-1004<br>E-mail: maha@chhayacdc.org<br>Website: www.chhayacdc.org<br>Agency ID: 84629 | 37-43 77th Street, 2nd Floor<br>JACKSON HEIGHTS, New York 11372-6629 |
| NEIGHBORHOOD HOUSING SERVICES OF JAMAICA | Phone: 718-291-7400<br>E-mail: N/A<br>Website: www.nhsj.org<br>Agency ID: 83400 | 8970 162nd St<br>Jamaica, New York 11432-5072 |
| GREENPATH DEBT SOLUTIONS | Phone: 888-860-4167<br>E-mail: N/A<br>Website: www.greenpath.com<br>Agency ID: 83233 | 8002 Kew Gardens Rd<br>Suite 710<br>Kew Gardens, New York 11415-3600 |